# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVONTE JACKSON,**

    Plaintiff,

v.                                          Case No. 21-CV-493

**OFFICER DUNSTON,**

    Defendant.

## ORDER

On January 10, 2022, the defendant, Officer Dunston, filed a motion for summary judgment on the ground that the *pro se* plaintiff Davonte Jackson failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 20.) On January 11, 2022, the court issued a notice and order informing Jackson that he had until February 9, 2021, to file a response to the defendants' summary judgment motions. (ECF No. 29.) The court cautioned Jackson that, if by that date he did not respond to the motions or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed. That order was returned to the court as undeliverable because Jackson no longer lived at the address provided. (ECF No. 30.) The court's clerk resent the order to the updated address, but that was also returned as undeliverable because Jackson was no longer at that address and did not provide a forwarding address. (ECF Nos. 31, 32.)

.

The February 9, 2022, deadline has passed, and Jackson has not filed a response. As such, the court will construe the motions as unopposed. The court has reviewed the defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendant is entitled to summary judgment on exhaustion grounds. Accordingly, the defendants' motions are granted, and the claims are dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies.").

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its

judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

3

Case 2:21-cv-00493-NJ   Filed 02/22/22   Page 3 of 3   Document 33